■ In the Matter of GERALD J. KING, Respondent, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Appellants.

—Judgment (denominated an order herein), Supreme Court, New York County (Orest V. Maresca, J.), entered September 19, 1984, which, *inter alia,* granted this article 78 petition only to the extent of remanding the proceeding to the respondent New York City Employees' Retirement System (NY-CERS) Board of Trustees for the purpose of awarding petitioner ordinary retirement benefits consistent with a retirement date of December 16, 1983, is unanimously modified, on the law, to the extent of providing that the date of retirement shall be April 14, 1983, and otherwise affirmed, without costs.

On August 10, 1970, petitioner was appointed a sanitation worker with the respondent Department of Sanitation. Thereafter, on January 14, 1983, the Department filed an application upon petitioner's behalf that he be retired for ordinary disability, since he allegedly was afflicted with osteoarthritis and polyarthritis. While the Medical Board of NYCERS was processing the application from the Department, the petitioner, himself, filed an application for accidental disability retirement. After completing a review of the medical evidence, the Medical Board recommended that the petitioner be retired for ordinary disability. Subsequently, at its December 16, 1983 meeting, the Board of Trustees of NYCERS accepted the recommendation of the Medical Board, and approved petitioner for ordinary disability retirement, effective April 14, 1983.

By notice of petition, dated April 5, 1984, petitioner instituted this article 78 proceeding to, *inter alia,* annul the determination of the Board of Trustees denying his application for accidental disability retirement, or, in the alternative, directing respondents Board of Trustees et al., to adjust his ordinary disability retirement date to December 16, 1983. In opposing the application, respondents contended, *inter alia,* that in designating the date of April 14, 1983, as petitioner's effective retirement date, the Board of Trustees had acted in accordance with the Administrative Code of the City of New York § B3-39.0 (Code). Special Term only granted the petition to the extent of directing the Board of Trustees to retire petitioner as of December 16, 1983, rather than April 14, 1983.

We find that Special Term erred in directing that the effective date of petitioner's retirement be changed. Section B3-39.0 of the Code, provides in pertinent part, that if a medical examination, made upon an application for ordinary disability retirement, shows that a member of NYCERS is physically incapacitated and should be retired, "the medical board shall so report and the board [of trustees] shall retire

such member for ordinary disability *not less than thirty nor more than ninety days* after the execution and filing of application therefor with the retirement system" (material in brackets and emphasis added). As mentioned *supra,* the application for ordinary disability retirement was filed by the Department on behalf of petitioner on *January 14, 1983.* Since the respondent Board of Trustees designated *April 14, 1983,* which was the ninetieth day after the filing of the application as petitioner's effective retirement date, we find that the Board of Trustees fully complied with the Code. Accordingly, we modify Special Term's judgment. Concur—Murphy, P. J., Ross, Asch, Lynch and Ellerin, JJ.